UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA LEAR SCHEIDLER, | ) |
|     Plaintiff, | ) ) ) |
|     vs. | ) Cause No. 1:14-cv-937-WTL-DML ) |
| STATE OF INDIANA, | ) ) |
|     Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTIONS IN LIMINE

This cause is before the Court on the Defendant's motions in limine (Dkt. No. 72). The motions are fully briefed and the Court, being duly advised, resolves them as set forth below.

The Court notes that the granting of a motion in limine is not a final ruling regarding the admissibility of the evidence at issue. Rather, it simply prohibits any party from eliciting testimony regarding or otherwise mentioning a particular issue during trial without first seeking leave of Court outside of the presence of the jury. Therefore, a party who wishes to elicit testimony or introduce evidence regarding a topic covered by a motion in limine that has been granted should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting sidebars before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements, and closing argument. Counsel shall also carefully instruct each witness regarding subjects that should not be mentioned or alluded to during testimony unless and until a finding of admissibility is made by the Court.

The Defendant combines several motions into one filing. Each of them is addressed, in turn, below.

*Reference to the following articles: "Exposed in Emails" from the Indianapolis Star on October 20, 2013, "Walkup Resigns Over Emails" from the Indianapolis Star on October 22, 2013, and "It's Who You Know" from the Indiana Lawyer's November 2 -15, 2016 edition.*

The Plaintiff has included in its exhibit list the above-referenced newspaper articles. The Defendant objects to the articles, arguing that they contain inadmissible hearsay and are otherwise irrelevant to this case because they refer to people and departments not involved in this lawsuit. The Plaintiff responded that "[t]he articles summarize events that the Defendant tolerated that were worse than the events alleged against the Plaintiff." Dkt. No. 79 at 1. The Plaintiff also argues that "[t]he third article on networking shows that it is acceptable for anyone to make statements like 'It's Who You Know' and the statement the Defendant claims Plaintiff said, something to the effect that [']it's who you know and who you blow,['] is a variation of that statement." *Id.*

Federal Rule of Evidence 801 defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." The Plaintiff's suggested use of the information in the articles meets the definition of hearsay. Under Federal Rule of Evidence 802, such hearsay is not admissible.

The Plaintiff further argues that "[t]he articles are admissible to show Plaintiff's state of mind as to what actions were permitted by the Defendant and not subject to termination." Dkt. No. 79 at 1. Although Federal Rule of Evidence 803(4) allows an exception to the exclusion of hearsay statements of the declarant's "then-existing mental, emotional, or physical condition," the newspaper articles are not statements made by the Plaintiff. Thus, they cannot be evidence of her state of mind. Furthermore, the articles were written and published months after the

Plaintiff's employment was terminated. They could not possibly show the Plaintiff's state of mind at any time prior to their publication.

Having reviewed the information provided by the parties, the Court **GRANTS** the Defendant's motion as to this issue. Neither party shall mention any of the above-listed newspaper articles without first, during an appropriate point in the trial, requesting a sidebar conference to discuss the matter outside the jury's presence, at which time the Court will determine how best to proceed.

*Reference to any transcript, findings, or orders from the SEAC proceeding*

The Defendant seeks to exclude reference to transcripts, findings, and orders from the SEAC proceeding. The Plaintiff does not object to the motion regarding the findings and orders of the SEAC proceeding; accordingly, that motion is **GRANTED**. The Defendant argues that reference to the contents of the transcripts constitutes hearsay. It noted that the individuals who testified at the SEAC proceeding are available to testify and be cross-examined in front of the jury in this trial. The Defendant acknowledges and does not contest that the transcript testimony could be used for impeachment purposes.

The Plaintiff argues that the transcript testimony was made under oath, similar to a deposition. When asked at the final pretrial conference by the Court whether he planned to use the transcripts for anything other than impeachment, the Plaintiff's counsel indicated that he did not know of any other use at this point.

The Court **GRANTS** the Defendant's motion regarding the SEAC proceeding transcripts. If either party wishes to reference those proceedings or use the transcript testimony for any purpose other than impeachment, during an appropriate point in the trial, counsel may request a

sidebar conference to discuss the matter outside the jury's presence, at which time the Court will determine how best to proceed.

*Reference or discussion of allegations of misconduct against state agencies*

The Defendant contends that reference or discussion of allegations of misconduct against state agencies would be inflammatory, irrelevant, and have no probative value. The Plaintiff argues that the State of Indiana is the defendant in this matter and therefore, actions of the state are admissible. The Plaintiff further reasoned that "[i]n a discrimination case against the State, there must be references and discussion of misconduct by state agencies in order to show that the State treated Plaintiff worse." Dkt. No. 79 at 1-2. The Plaintiff also noted that there are two state agencies involved in this case: the State Personnel Department and the Department of Insurance. At the final pretrial hearing, the Defendant stated that this case involves "just the Department of Insurance."

The Court notes that the Plaintiff need not prove at trial that the Plaintiff was treated worse than similarly situated individuals outside her protected class. That is one of the standards used at the summary judgment phase. Even if that were the standard at trial, the Court does not see how reference and discussion of misconduct by other state agencies, or by the State Personnel Department or the Department of Insurance, would show that the Plaintiff was treated worse than similarly situated individuals were treated. Such references and discussions would contain inadmissible hearsay and are otherwise not relevant if they involve individuals and agencies other than those who were decisionmakers in the Plaintiff's termination. The Court thus **GRANTS** the Defendant's motion regarding reference or discussion of misconduct by state agencies involving individuals other than the Plaintiff. If the Plaintiff believes that any other incidents are relevant, during an appropriate point in the trial, counsel may request a sidebar

conference to discuss the matter outside the jury's presence, at which time the Court will determine how best to proceed.

*Reference to Defendant's alleged failure to call witnesses or present evidence*

The Defendant requests that "the Court bar all parties from conveying to the jury that State Defendants are hiding evidence by choosing not to call a particular witness or present certain evidence." Dkt. No. 72 at 3-4. The Plaintiff responds that "[a]rguments that the Defendant is hiding evidence and lying is always permitted. That is was a trial is about." Dkt. No. 79 at 3. At the final pretrial conference, the Plaintiff further argued that documents not produced by a party or a witness not called by a party raises an inference that that evidence would not help the party that chose not to produce the evidence or call the witness. He stated that case law supported this position.

The law, in fact, is just the opposite. As the Seventh Circuit Pattern Jury Instruction 1.18 points out, "[t]he law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial." The Court knows of two circumstances in which the adverse inference described by the Plaintiff might be sought, and neither circumstance has been alleged in this case. First, an adverse inference may be drawn regarding a particular witness's absence at trial where "the complaining party [] establish[es] that the missing witness was peculiarly in the power of the other party to produce." *Oxman v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993) (citing *Chicago Coll. of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983)). "This can be shown in two ways: (1) that the missing witness was physically available only to the [party against whom the inference would be drawn], or (2) that the missing witness has a relationship with [that] party that practically renders

5

his testimony unavailable to the [complaining] party." *Id.* Second, an adverse inference against a party may be drawn where spoliation of evidence has occurred. In that instance, a party seeking the adverse inference must prove that the other party intentionally destroyed evidence in bad faith. *Miksis v. Howard*, 106 F.3d 754, 762-63 (7th Cir. 1997). Since neither situation appears to be present here, the Court **GRANTS** the Defendant's motion regarding references to the Defendant's alleged failure to call witnesses or present evidence. Should the Plaintiff have evidence supporting either instance in which an adverse inference could be drawn against a Defendant's missing witness or evidence, the Court can revisit the matter. The Plaintiff's counsel, however, must first request a sidebar conference to discuss the matter outside the jury's presence, at which time the Court will determine how best to proceed.

*Reference to settlement negotiations*

and

*Reference to other lawsuits in which the State of Indiana or the Indiana Department of Insurance has been named as a party*

and

*Reference to the motion for summary judgment that was filed by the Defendants and the Court's decision on that motion*

The Plaintiff does not object to these motions; accordingly, these motions are **GRANTED**.

SO ORDERED: 5/30/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication